**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John MacMullin, | ) | No. CV-08-0768-PHX-FJM |
| | ) | |
| Appellant, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| William G. Poach, Jr., et al., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

The court has before it the bankruptcy court's April 10, 2008 order modifying the automatic stay (Designated Record ("DR"), exhibit 1), the bankruptcy court's April 10, 2008 order denying appellant's motion for reconsideration (DR, exhibit 2), appellant's opening brief (doc. 8), appellees' response (doc. 11), and appellant's reply (doc. 13).

In February 1994, Debtor John MacMullin, a lawyer, drafted the will of his step-grandmother, Sylvia H. Levering, in which he was named personal representative. Levering named her seven step-grandchildren, including Debtor, as residual beneficiaries. In 1995, Levering was adjudicated incapacitated and Marion Hubbard was appointed as her conservator. Levering died on December 6, 2003, and Debtor was appointed personal representative.

On March 15, 2004, the Superior Court of Arizona in Maricopa County granted a petition by four beneficiaries of the Levering estate to remove Debtor as personal

1 representative, and appointed Donald Childers as special administrator of the estate. Debtor
2 appealed and the Arizona Court of Appeals affirmed the decision removing him as personal
3 representative.

4 On February 7, 2006, Hubbard filed an application for reimbursement of professional
5 fees, including fees incurred by her lawyer Peter Williams during the conservatorship. On
6 or about April 14, 2007, the probate court approved the fee application. Debtor appealed,
7 and the court of appeals affirmed the award of professional fees. Peter Williams, on behalf
8 of Hubbard, then filed an application for attorney's fees and costs in connection with the
9 appeal. On August 20, 2007, the court of appeals awarded fees in favor of Hubbard and
10 against Debtor. However, on July 12, 2007, before the court of appeals issued its order,
11 Debtor filed his Chapter 13 petition.

12 On November 16, 2007, Childers, as special administrator for the Levering estate,
13 filed a proof of claim in the Chapter 13 proceeding in the total amount of $15,139.22,
14 consisting of the claims for professional fees and costs owing in the probate proceeding,
15 including the fees of attorney Williams. Response at 7-8. The bankruptcy court disallowed
16 Childers' claim, without prejudice to his right to pursue the same claim in the probate
17 proceeding. In addition, the court modified the automatic stay so that Debtor's appeal and
18 the probate proceeding could go forward to completion. The court concluded that the August
19 20, 2007 order by the Arizona Court of Appeals awarding attorney's fees and court costs in
20 favor of Hubbard and against Debtor was void because it was entered after the filing of the
21 Chapter 13 proceeding.

22 On an appeal from a bankruptcy court, we "may affirm, modify, or reverse a
23 bankruptcy judge's judgment, order, or decree or remand with instructions for further
24 proceedings." Fed. R. Bankr. P. 8013. Legal conclusions are reviewed *de novo*, but findings
25 of fact will only be set aside if clearly erroneous. In re Alcala, 918 F.2d 99, 103 (9th Cir.
26 1990).

27 Debtor first claims that Childers is a "custodian" of his assets, as that term is defined
28 under 11 U.S.C. § 101(11), and therefore Childers is obligated by 11 U.S.C. § 543 to deliver

1  Debtor's interest in the probate estate under his control to the bankruptcy trustee and file an
2  accounting of the probate assets. <u>Appellant's Brief</u> at 11. The bankruptcy court concluded
3  that Childers is not a "custodian" under § 101(11). We agree.
4          The Bankruptcy Code defines "custodian" as a "receiver or trustee of any of the
5  property of the debtor, appointed in a case or proceeding not under this title." Debtor cites
6  a portion of the legislative history defining the term, but conspicuously omits a key section
7  which provides that "custodian" "is defined to facilitate drafting, and *means prepetition*
8  *liquidator of the debtor's property*, such as an assignee for the benefit of creditors, a receiver
9  of the debtor's property, or a liquidator or administrator of the debtor's property." H. Rep.
10 No. 95-595, at 310 (1977) (emphasis added). While the definition of custodian as "receiver
11 or trustee is descriptive, and not meant to be limited to court officers with those titles," <u>id.</u>,
12 the term generally "refers to entities who have been authorized to liquidate or otherwise take
13 charge of a debtor's property for the benefit of a general body of creditors." <u>In re Gold Leaf</u>
14 <u>Corp.</u>, 73 B.R. 146, 148 (Bankr. N.D. Fla. 1987). <u>See also</u> <u>In re Camdenton United Super,</u>
15 <u>Inc.</u>, 140 B.R. 523, 525 (Bankr. W.D. Mo. 1992); <u>Cash Currency Exchange v. Shine (In re</u>
16 <u>Cash Currency Exchange)</u>, 762 F.2d 542, 553 (7th Cir. 1985); <u>In re PHP NJ MSO, Inc.</u>, 1999
17 WL 360199, at *8 (D. Del. 1999) (and cases cited); <u>In re Barrett</u>, 39 B.R. 792, 795 (Bankr.
18 D. Minn. 1984); <u>In re Transportation Mgt., Inc.</u>, 278 B.R. 226, 235 (Bankr. M.D. Ala. 2002);
19 <u>In re Kennise Diversified Corp.</u>, 34 B.R. 237, 244-45 (Bankr. S.D.N.Y. 1983).
20         The clear weight of authority, as well as the relevant legislative history, establish that
21 a "custodian" under 11 U.S.C. § 101(11), must be primarily concerned with the prepetition
22 liquidation of a debtor's property or the protection of creditor's rights. Childers does not fit
23 either description. He was not appointed as a receiver of Debtor's property, nor does he act
24 for the protection of creditors. He serves as administrator of the estate of a third party. The
25 fact that Debtor has a beneficial interest in that estate does not convert Childers into a
26 "custodian" under § 101(11).
27         We reject Debtor's reliance on <u>In re Davitch</u>, 336 B.R. 241 (Bankr. W.D. Pa. 2006),
28 to support his claim that an administrator in a probate proceeding is a custodian under §

1  101(11). The testamentary trustee in In re Davitch did not contest her designation as a
2  custodian, and therefore the court simply accepted the designation as appropriate without
3  analyzing the statute, its legislative history, or the relevant cases. Id. at 248. In re Davitch
4  is neither binding nor persuasive on the issue before us.

5  Because Childers is not a custodian of Debtor's property within the definition of §
6  101(11), he has no obligation under § 543 to either turn over Debtor's as yet undetermined
7  residual share in the probate estate, or provide an accounting of those assets.

8  Debtor next argues that attorney Williams' fee application and probate court order
9  filed after the filing of the bankruptcy petition are void. On or about September 11, 2007,
10 attorney Peter Williams filed a fee application with the probate court. DR, exhibit 13. The
11 application was approved by the probate court on November 14, 2007. The bankruptcy court
12 did not expressly hold that the post-bankruptcy order was void. Instead, it stated that the
13 "Order was entered after the filing of the Bankruptcy. Debtor may object to that
14 application." DR, exhibit 1. We construe the bankruptcy court's order to mean that the order
15 is void because it was entered after the bankruptcy petition was filed. That application may
16 be re-filed, pursuant to the bankruptcy court's lifting of the automatic stay of the probate
17 proceedings.

18 Debtor also argues that attorney Williams and conservator Hubbard committed an act
19 of fraud on the bankruptcy court by submitting a claim containing duplicate time entries.
20 The bankruptcy court disallowed the claim, concluding that it is properly an administrative
21 expense in the probate case, and not a claim against Debtor individually. Exhibit 34 at 9.
22 Appellees do not challenge the disallowance of the claim. We agree with the bankruptcy
23 court that the propriety of any claimed fee is an issue for the probate court. There is no
24 showing of fraud here and Debtor's claim is rejected.[1]

25

---

26 [1]Debtor now complains that when he submitted his objections regarding claimed fees
27 to the probate court they were "summarily denied . . . without any hearing on the issue
   whatsoever." Reply at 11. He asserts that a "fair reading" of the April 8, 2008 bankruptcy
28 hearing transcript indicates that the bankruptcy judge "expected the fraud and duplicate fees

- 4 -

1  We also reject Debtor's argument that mandatory sanctions in the form of
2 compensatory and punitive damages are appropriate because of willful violations of the
3 automatic stay. Reply at 13. The bankruptcy court did not find any willful violations of the
4 automatic stay that would warrant sanctions and we agree. Debtor is not entitled to
5 sanctions.

6  Finally, Debtor's motion for reconsideration was wholly without merit as it was
7 simply a reiteration of his previous arguments. We affirm the bankruptcy court's denial of
8 that motion.

9  **IT IS ORDERED AFFIRMING** the bankruptcy court's order modifying the
10 automatic stay so that the appeal and probate can go forward; disallowing Childers' proof of
11 claim, without prejudice to his right to pursue the same claim, including a setoff claim, in the
12 probate proceeding; and denying the motion for reconsideration. Appellees are entitled to
13 recovery of their costs pursuant to Rule 8014, Fed. R. Bankr. P.

14  DATED this 4th day of March, 2009.

*[signature: Frederick J. Martone]*
Frederick J. Martone
United States District Judge

---

issue to be addressed by the [sic] Commissioner Ellis, rather than disregarded," and that he is now left "in the position of having to start supplemental proceeding [sic] against the Probate Court for violating the intent of the Bankruptcy Court Order." Id. Debtor's counsel is cautioned that this is an unreasonable interpretation and application of the bankruptcy court transcript that strains the bounds of proper advocacy. See E.R. 3.1, Rules of Professional Conduct.

 Debtor's counsel has a professional obligation to comply, not only with the Rules of Professional Conduct, but also the Lawyer's Creed of Professionalism of the State Bar of Arizona, which provides in part that he "will advise [his] client against pursuing litigation (or any other course of action) that is without merit and that [he] will not engage in tactics that are intended to delay the resolution of the matter or to harass or drain the financial resources of the opposing party." Lawyer's Creed of Professionalism ¶ A(4). This obligation applies notwithstanding that counsel's client is himself a lawyer. Debtor's counsel has a professional obligation to independently evaluate the merit of his client's claims and litigation tactics.